THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| EDONIS REYES | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SELECT PRECAST LLC, A GEORGIA CORPORATION | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Edonis Reyes ("Plaintiff"), through undersigned counsel, and files this lawsuit against Select Precast LLC, a Georgia Corporation, ("Defendant"), and for his Complaint shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act

1

of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings claims pursuant to 26 U.S.C. § 7434.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   Parties and Facts

5.

Plaintiff has been "employed" by Defendant as a Maintenance Worker since in or around January 2018.

6.

Since Plaintiff was hired, he has been paid on an hourly basis by Defendant at $16.00 per hour.

7.

Plaintiff has regularly worked at least thirty-five (35) hours in overtime per week since he became employed at Defendant.

8.

Since Plaintiff's employment at Defendant he has not received any overtime pay.

9.

Plaintiff is an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

10.

Throughout his employment with Defendant, Plaintiff has been a non-exempt laborer entitled to overtime compensation for hours worked over forty (40) in a workweek. Throughout his employment with Defendant, Plaintiff's primary duty has been manual labor.

11.

During Plaintiff time working at Defendant, Plaintiff has regularly worked more than 40 hours in given workweeks and was not paid overtime compensation, calculated at one and one half times his regular rate, for hours worked over 40 in such weeks.

12.

Defendant had constructive knowledge and knew or should have known that Plaintiff was not being paid overtime.

13.

Plaintiff is an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

14.

Throughout his employment with Defendant, Plaintiff has been entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

15.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

17.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

19.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendant.

20.

Throughout his employment with Defendant, Plaintiff has been economically dependent on Defendant.

21.

Plaintiff has been individually covered under the FLSA by virtue of the nature of the work he performed.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

22.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

23.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

24.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

25.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

26.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

27.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

28.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D)   Grant Plaintiff leave to add additional state law claims if necessary; and;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Dated this 7th day of June, 2021.

        Respectfully submitted,

        /s/ Jeremy Stephens
        Jeremy Stephens, Esq.
        Ga. Bar No.: 702063
        **MORGAN & MORGAN, P.A.**
        191 Peachtree Street, N.E., Suite 4200
        Post Office Box 57007
        Atlanta, Georgia 30343-1007
        Tel:   (404) 965-1682
        E-mail: jstephens@forthepeople.com

        ***Attorney for Plaintiff***